UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMBER DOE,<br><br>                      Plaintiffs,<br><br>    -against-<br><br>SEQUOIA CAPITAL, et al.,<br><br>                      Defendants. | 23-CV-5881 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Los Angeles, California, brings this *pro se* action asserting claims arising out of alleged sex trafficking. Named as Defendants are individuals, law firms, and other entities. On July 17, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). On July 28, 2023, Plaintiff filed a 1,355-page amended complaint.[1]

On July 28, 2023, Defendant Dianne M. Doolittle, a lawyer from the law firm Quinn Emmanuel – also named as a Defendant – informed the Court that the United States District Court for the Central District of California recently dismissed two actions filed by Plaintiff that are substantially similar to the action filed here.[2] (ECF 6.) In the first action, *Doe v. Goguen*, No. 2:23-CV-2280 (Doc. No. 38) (C.D. Cal. May 22, 2023) ("*Doe I*"), the Central District of California dismissed the 1,700-page complaint based on the following reasons: (1) for lack of subject matter jurisdiction, under Rule 12(h)(3) of the Federal Rules of Civil Procedure; (2) for seeking monetary damages against individuals who are immune from such relief, under 28

---

[1] Plaintiff included private financial information in the exhibits attached to the amended complaint. The Court directed the Clerk of Court to restrict electronic access to those exhibits, under Rule 5.2 of the Federal Rules of Civil Procedure.

[2] The Central District of California restricted electronic access to the pleadings in those actions, and therefore, this Court cannot view those pleadings.

U.S.C. § 1915(e)(2)(B)(iii); (3) as barred under the *Rooker-Feldman* doctrine; (4) for failure to state a claim upon which relief may be granted, under Section 1915(e)(2)(B)(ii); and (5) as frivolous, under Section 1915(e)(2)(B)(i). On June 16, 2023, the Central District of California dismissed the second action, *Doe v. Quinn Emmanuel*, No. 2:23-CV-4723 (Doc. No. 5) (C.D. Cal. June 16, 2023) ("*Doe II*"), as duplicative of *Doe I*. (ECF 6, at 8.) On July 6, 2023, Plaintiff initiated her action in this court.

For the following reasons, the Court transfers this action to the United States District Court for the Central District of California.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated her rights, but she does not state with specificity where any of the alleged incidents occurred or provide the addresses for any of the named Defendants. Many of the Defendants appear to reside in California, including Sequoia Capital, Doolittle, Rosewood Sand Hill Hotel, and Glaser Weil. Although Plaintiff does name the *New York Post*, *New York* magazine, MSNBC, Vox Media, and law firms with offices in New York, all of the Defendants in this action do not reside in New York. Thus, it does not appear that venue

would be proper in this District under Section 1391(b)(1). Venue also does not appear to be proper in this District under Section 1391(b)(2). Plaintiff only references incidents that occurred in California, Canada, and Texas; she does not state any facts suggesting that an incident occurred in a county within this District. Accordingly, it is does not appear that this District is a proper venue for this action.

Even if this District were a proper venue, a court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. First, the underlying events occurred in California, where many of the Defendants reside. Although it is not clear that all of those events occurred within a county located in the Central District of California, the complaint suggests that some of the events occurred within that district. Second,

Defendant Quinn Emmanuel's letter to the Court indicates that this action is substantially similar to the allegations set forth in *Does I* and *II*. As noted above, the allegations in those actions are not available to this Court, because the Central District of California restricted electronic access to the pleadings filed in those actions. Thus, at this stage, this Court cannot view the pleadings in *Does I* and *II*, and therefore, the Central District of California is better positioned to consider the similarities between the three actions, and whether this new pleading is duplicative of *Does I* and *II*. Finally, Plaintiff's choice of forum is given less deference here because she does not reside in a county within this District. *See Iragorri*, 274 F.3d at 72.

The Court finds that the Central District of California to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Central District of California. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Central District of California. Summonses shall not issue from this Court. This order closes this case. All motions filed in this case should be terminated.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 1, 2023
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                  Chief United States District Judge