UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMBER DOE,

                      Plaintiff,

-against-

SEQUOIA CAPITAL, et al.,

                      Defendants.

23-CV-5881 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated August 1, 2023, the Court ordered that this action be transferred to the United States District Court for the Central District of California,[1] and on August 18, 2023, the Central District of California acknowledged receipt of the case. Nearly two years later, Plaintiff filed eight submissions in this closed case, including a motion to vacate the transfer order. (ECF 13.) By order dated July 14, 2025, the Court notified Plaintiff that the Court lacks jurisdiction to consider her motion to vacate the transfer order and directed the Clerk of Court to terminate the motion. (ECF 21.) The Clerk's Office entered that order on the public docket on July 24, 2025. On July 21, 2025, the Court issued a second order directing the Clerk of Court to terminate Plaintiff's motion for permission for electronic case filing (ECF 15), noting that this case is closed (ECF 17).

Plaintiff has now submitted two additional motions: a "motion to clarify the Court's July 21, 2025 order and reinstate consideration of pending motions" (ECF 18) and an "emergency ex parte motion for temporary restraining order and preliminary injunction" (ECF 20). Plaintiff filed

---

[1] In the Court's July 14, 2025 order, the Court mistakenly referred to the Central District of California as the Southern District of California.

these two motions by emailing them directly to the undersigned's court email address, in violation of the court's Standing Order[2] and the undersigned's Individual Practices.[3]

The Court directs the Clerk of Court to terminate the motions at ECF 18 and ECF 20. This Court lacks jurisdiction to consider these motions. For the relief Plaintiff seeks, she must move in the Central District of California, not this court.

## CONCLUSION

The Court directs the Clerk of Court to terminate the motions at ECF 18 and ECF 20.

This case is closed. The Court warns Plaintiff that the filing of further submissions in this action may result in an order barring her from filing new submissions in this action, except for a notice of appeal to the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 1651.

Should Plaintiff file a notice of appeal she must submit the filing to the Pro Se Intake Unit. The Court directs Plaintiff to cease further attempts to contact the undersigned's chambers by email or any other means.

---

[2] *In the Matter of Pro Se Litigation*, M10-468 (Oct. 31, 1996) ("[A]ll pro se litigants shall file their papers with the Pro Se Office of this Court.").

[3] The Court's Individual Practices state that:

> Pro se parties are directed to submit all filings and communications addressed to Judge Swain, ***whether related to a case pending before the Court, or to a matter the party wishes to direct to Judge Swain in her capacity as Chief Judge***, through the Court's Pro Se Intake Unit. Information about the Court's Pro Se Intake Unit and how to submit filings to that Unit is available on the Court's website, at https://www.nysd.uscourts.gov/prose. Submissions emailed, mailed, or faxed directly to Judge Swain's chambers by pro se parties may be disregarded.

Individual Practices of Chief Judge Laura Taylor Swain (emphasis in original).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 28, 2025
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                            Chief United States District Judge